UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

*In re Subpoena to Malcolm Kaye*

----------------------------------------------------------------X

Misc. No.

Related to *Spencer Lee Schneider v. OSG, LLC d/b/a/ Odyssey Study Group, et al.*, No. 22-cv-07686 (E.D.N.Y.)

**NON-PARTY MALCOLM KAYE'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO QUASH SUBPOENA**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ 1

TABLE OF AUTHORITIES ......................................................................................................... 2

PRELIMINARY STATEMENT .................................................................................................... 3

BACKGROUND ............................................................................................................................ 4

   A.    The Complaint ................................................................................................................... 4

   B.    The Discovery Period and the Subpoena ......................................................................... 5

ARGUMENT .................................................................................................................................. 6

CONCLUSION ............................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

*Certain Underwriters at Lloyd's v National Railroad Passenger Corp.*, 318 FRD 9 [ED NY 2016] .................................................................................................................. 4

*Corbett v eHome Credit Corp.*, 2010 WL 3023870 [ED NY 2010] ............................................ 4

*Fappiano v City of New York*, 640 F App'x 115 [2d Cir 2016] ................................................. 5

*Federal Election Com.v La Rouche Campaign*, 817 F2d 233 [2d Cir 1987] .............................. 6

*Koch v Pechota*, 2012 US Dist LEXIS 148153 [SD NY 2012] ................................................... 6

*Aristocrat Leisure Ltd. v Deutsche Bank Tr. Co. Americas*, 262 FRD 293 [SDNY 2009] ......... 5

*Lynch v City of New York*, 2021 WL 4652305 [SD NY 2021] .................................................. 4

*N.A.A.C.P. v Alabama*, 357 US 449 [1958] ................................................................................ 6

*Velez v Sanchez*, 693 F3d 308 [2d Cir 2012] .............................................................................. 5

**Rules**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 4

Fed. R. Civ. P. 45(d)(3)(A)(iv) ...................................................................................................... 4

**PRELIMINARY STATEMENT**

Non-Party Malcolm Kaye respectfully submits this memorandum of law in support of his motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 45 to Quash the subpoena for documents and a deposition served by Spencer Lee Schneider in the lawsuit entitled *Spencer Lee Schneider v. OSG, LLC d/b/a/ Odyssey Study Group, et al.*, which is pending in the United States District Court for the Eastern District of New York bearing Civil Action No. 22-cv-07686 (the "Action"). Schneider, a member of OSG, LLC's ("OSG") spiritual group from 1989 to 2012, commenced the Action against OSG, Lorraine Imlay and Minerva Taylor, both individually and as fiduciaries of the Estate of Sharon Gans Horn, and Gregory Koch (collectively, "Defendants") pursuant to the Trafficking Victims Protection Reauthorization Act of 2003 and its amendments (collectively, the "TVPRA") alleging that OSG and the other defendants engaged in a scheme to cause him to perform thousands of hours of unpaid labor.

Malcolm Kaye has no information whatsoever of the events that underpin Schneider's TVPRA-based claims against Defendants in the Action. Kaye's sole connection to any party in the underlying litigation is that he was – decades ago – Sharon Gans Horn's son-in-law and a member of a group that, upon information and belief, ultimately became OSG. Kaye has no knowledge of OSG, was never involved in OSG's management, and has no knowledge of any scheme perpetrated against Schneider. Those facts, along with the Eastern District's holding that the appropriate discovery period begins years after Kaye disassociated from the group that ultimately became OSG and divorced Gans Horn's daughter, confirms that Schneider cannot sustain his burden of showing that the subpoena seeks relevant information to the claims and/or defenses in the Action and that the subpoena is not unduly burdensome. Accordingly, the Court should quash the subpoena.

1

## BACKGROUND

### A.  THE COMPLAINT

Schneider commenced the Action against Defendants by filing a complaint in the Eastern District of New York on December 16, 2022. (*See* Declaration of Matthew Kraus, dated February 10, 2022 ["Kraus Dec."], Exh. 1). The complaint alleges that Alex Horn and Sharon Gans Horn founded an "esoteric school" (the "School") in or around 1980 to promote the teachings of nineteenth-century mystic and spiritual teacher George Gurdjieff. Verified Complaint (Kraus Dec., Exh. 1 at ¶¶ 12-13, 29, 58, 65). The School operated as an unincorporated business between 1980 and 2001. Sharon Gans Horn and others formed OSG in 2001. The complaint avers that the School continued to operate in the same manner as prior OSG's formation. (Kraus Dec., Exh. 1 at ¶13).

The complaint details that Schneider was recruited to join the School in 1989. (Kraus Dec., Exh. 1 at ¶55). Like other OSG members, Schneider engaged in service to help run OSG as part of the Gurdjieff Work. (Kraus Dec., Exh. 1 at ¶¶ 29, 57-58, 60-65). That included physical labor in Montana, New York, and Massachusetts; recruitment of new prospective students; elaborate preparation for events; attendance at Class semi-weekly; cooking, cleaning, and chauffer services." (Kraus Dec., Exh. 1 at. ¶ 24). Schneider was not compensated for those services. (Kraus Dec., Exh. 1 at. ¶ 24). The complaint maintains that Schneider remained a student at the School for 23 years. (Kraus Dec., Exh. 1 at. ¶ 68). Schneider decided to leave the School in or around the end of 2012. He left by not returning to class. (Kraus Dec., Exh. 1 at. ¶¶ 134-35, 165-67). The complaint asserts four causes of action under the TVPRA under the theory that Defendants obtained free labor from Schneider by means of scheme or threats of harm and seeks unspecified damages.

2

### B.  THE DISCOVERY PERIOD AND THE SUBPOENA

On September 15, 2025, the Eastern District granted Defendants' motion for a protective order regarding the scope of the discovery period (Kraus Dec., Exh. 4).  Specifically, the Court ruled that the permissible discovery period was from December 19, 2003 to January 10, 2013, with exceptions for: (i) non-privileged documents and communications after 2013 that reference an opposing party, this action, or the subject matter of the parties' claims or defenses, (ii) evidence sufficient to show Defendants' present net worth, and (iii) evidence concerning Schneider's income, net worth, employment, and mental health in the two years after he left the School. (Kraus Dec., Exh. 4).

On July 19, 2025, Schneider served a unsigned Subpoena to Testify at Deposition in a Civil Action (the "Subpoena") on Malcolm Kaye commanding him to appear in this District to testify at a deposition in the Action.  (Kraus Dec., Exh. 3).  The Subpoena also seeks "all communications (paper, email, or other electronic form) with any named Defendant … and/or all communications (paper, email, or other electronic form) concerning Plaintiff (Spencer Schneider)."   (Kraus Dec., Exh. 3).

On August 4, 2024, Kaye filed a motion to quash the Subpoena in the Eastern District.  The motion included Kaye's Declaration, in which he explained that he left the School in August 2000 before OSG was formed (Kraus Dec., Exh. 5).  Kaye left the School due to the deterioration of his marriage to Sharon Gans Horns' daughter, Ilsa Kaye. (Kraus Dec., Exh. 5).  Kaye left was never involved in OSG and had virtually no contact with Gans Horn or any of the other defendants since August 2000.  Moreover, prior to his separation from the School and Ilsa Kaye, Kaye held no management role in the group and no knowledge of OSG.  And critically, Kaye simply had no knowledge of a scheme, pattern and plan by Defendants to use coercive and manipulative tactics

against Schneider. (Kraus Dec., Exh. 5). The Court denied Kaye's motion without prejudice on September 15, 2025. The Court ruled that Kaye must file the motion in the appropriate district.

## ARGUMENT

The federal rules require a court to quash or modify a subpoena that subjects the recipient to an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Moreover, "a subpoena seeking testimony 'with little apparent or likely relevance to the subject matter' may be quashed even if the burden on the deponent is not 'onerous.'" *Lynch v City of New York*, 2021 WL 4652305, at *2 [SD NY 2021] The "[b]urden and expense" of a subpoena is "to be weighted more heavily when discovery is sought from non-parties." *Id*.; *see also Corbett v eHome Credit Corp.*, 2010 WL 3023870, at *3 [ED NY 2010] (holding that even "where the burden of compliance is not onerous" a subpoena that pursues material of "little apparent or likely relevance" is "likely to be quashed as unreasonable," particularly where the demand is made to a non-party). Furthermore, the purpose of Rule 26(b)(1) of the federal rules is "to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information, including deposition testimony. *Certain Underwriters at Lloyd's v National Railroad Passenger Corp.*, 318 FRD. 9, 14 [ED NY 2016]. Two factors significant to the proportionality analysis are: (i) the importance of the discovery in resolving the issues; and (ii)) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Kaye's deposition will not yield relevant information. Scheider knows this. The Eastern District has already ruled that the appropriate discovery period is from December 19, 2003 to January 10, 2013. Kaye, left the School in August 2000 before it even became OSG due to the deterioration of his marriage to Ilsa Kaye, had no involvement whatsoever in OSG and had virtually no contact with Gans Horn or the other Defendants since August 2000. While Kaye

has some limited and general knowledge about the School, that information is more easily and readily obtainable from the actual parties to the Action.  The lack of relevancy is further highlighted by the fact that Schneider could not even have asserted a TRVPA claim at any time that Kaye was a member of the School or married to Ilsa Kaye.  A civil cause of action under the TVPRA was only created on December 19, 2003 and the TVPRA does not apply retroactively.  *See Velez v Sanchez*, 693 F3d 308, 324-25 [2d Cir 2012].  Kaye obviously has no relevant post-December 2023 information of Defendants' conduct that could assist Schneider's claim in the first place.

Even if the discovery sought by Schneider is relevant, this Court must still weigh Schneider's right to obtain that discovery against the burden imposed on Kaye. *See Aristocrat Leisure Ltd. v Deutsche Bank Tr. Co. Americas*, 262 FRD 293, 300 [SDNY 2009] (stating that a "[c]ourt engages in a balancing test" that involves "weighing a subpoena's benefits against the interests furthered by quashing it.").  Kaye's separation and divorce from Ilsa Kaye and separation from the School was a highly traumatic period of his life.  The impact of those events caused ripple effects that cascaded throughout Kaye's life and, quite obviously, impacted his personal relationships with the members of his family and professional standing with his clients.  Forcing Mr. Kaye to testify about circumstances surrounding his divorce from Ilsa Kaye and his dissociation from the School – especially given the lack of a foundation suggesting that Kaye has any relevant information to offer regarding Schneider's TVPRA claims – presents an undue burden.  *See* e.g. *Fappiano v City of New York*, 640 F App'x 115, 121 [2d Cir 2016] (stating that in addition to considering the dollars-and-cents costs, district courts should recognize that there are other cognizable burdens that may impose a burden by invading privacy or confidentiality interests).  We also note that the Subpoena has a profound chilling effect on Kaye's freedom of

association guaranteed by the First and Fourteenth Amendment. *See Federal Election Com. v La Rouche Campaign*, 817 F2d 233 [2d Cir 1987]. Kaye was a part of a spiritual group that that is an expressive association and a religious group for purposes of the First Amendment. Given the absence of any relevant information in Mr. Kaye's possession, there is no possibility that the need for his deposition outweighs the chilling effect of compelled disclosure. *See N.A.A.C.P. v Alabama*, 357 US 449, 462 [1958].

As a final matter, the Subpoena also seeks "[a]ll communications (paper, email, or other electronic form] with any named defendant (Sharon Gans Horn, Lorraine Imlay, Minerva Taylor, or Gregory Koch); and/or all communications (paper, email or other electronic form) concerning Plaintiff (Spencer Schneider). That request, which is not limited in scope or time, is overly broad on its face. *See Koch v Pechota*, 2012 US Dist LEXIS 148153, at *3 [SD NY 2012] (holding that document requests "without limitations as to the relevant period of time" were "vague and overbroad").

## CONCLUSION

For the foregoing reasons, Malcolm Kaye respectfully request that the Court enter an order quashing the Subpoena in its entirety.

Dated: New York, New York
       October 14, 2025

                              **CHARTWELL LAW**

                              By: _____
                                  Matthew D. Kraus (MK0621)
                                  *Attorneys for Non-Party Malcolm Kaye*
                                  One Battery Park Plaza, Suite 710
                                  New York, New York 10004
                                  (212) 968-2300