UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Malcolm Kaye Subpoena | No. 25-MC-00451 (DH) |

MEMORANDUM IN OPPOSITION TO MALCOLM KAYE'S MOTION TO QUASH

Elizabeth A. Geddes (NY Reg. #4348470)
Corva Law LLP
110 West 40th Street, Suite
New York, New York 10018
(646) 974-1143
liz@corvalaw.com

Hugh Sandler (NY Reg. #4712584)
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
hsandler@krantzberman.com

Attorneys for Spencer Lee Schneider

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................. 1

I.    Relevant Procedural History ................................................................................. 1

II.   Relevant Facts ........................................................................................................ 3

DISCUSSION ...................................................................................................................... 4

I.    Deposition Testimony ........................................................................................... 4

II.   Documents ............................................................................................................. 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

*Bamonte v. Charatan*, No. 22-CV-0795 (KMK)(JCM),
  2023 WL 4201416 (S.D.N.Y. June 27, 2023) .................................................................. 7
*City of Almaty, Kazakhstan v. Sater,* 19-CV-2645 (AJN) (KHP),
  2020 WL 2765084 (S.D.N.Y. May 28, 2020) .................................................................. 7
*Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344 (7th Cir. 1995) ............................... 6
*In re Madison Williams & Co., LLC*, Case No. 11-15896,
  2014 WL 56070 (Bankr. S.D.N.Y. Jan. 7, 2014) ............................................................ 7
*Intermatic Inc. v. Toeppen*, No. 96 C 1982,
  1998 WL 102702 (N.D. Ill. Feb. 28, 1998) .................................................................. 6
*Marcus v. United States*, No. 14-CV-5780 (ARR),
  2015 WL 3869689 (E.D.N.Y. June 22, 2015) ................................................................ 5
*Pisacane v. Enichem Am., Inc.*, No. 94-CV-7843 (JFK)(NRB),
  1996 WL 391865 (S.D.N.Y. July 12, 1996) .................................................................. 6
*Shukla v. Sharma*, No. 07-CV-2972 (CBA)(CLP),
  2012 WL 481796 (E.D.N.Y. Feb. 14, 2012) .................................................................. 6
*Silver Sands Motel Inc. v. Long Island Cap. Mgmt.*, No. 21-CV-01224 (GRB)(JMW),
  2023 WL 4054526 (E.D.N.Y. June 15, 2023) ................................................................ 4
*United States v. Majeed*, No. 21-20060-JAR,
  2024 WL 992884 (D. Kan. Mar. 6, 2024) .................................................................... 5
*United States v. Robbins*, No. 2:10-CR-00006,
  2011 WL 43554 (W.D. Va. Jan. 6, 2011) .................................................................... 5
*Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010) ....................................................... 4

PRELIMINARY STATEMENT

Spencer Schneider ("Schneider") submits this memorandum of law in support of his opposition to Malcolm Kaye's motion to quash a subpoena issued to Mr. Kaye for his deposition and certain documents in connection with a lawsuit currently pending in the Eastern District of New York (the "EDNY Proceeding"). Mr. Kaye has information that is both relevant and material to Schneider's allegations and claims in the EDNY Proceeding, and the subpoena does not impose an undue burden on Mr. Kaye.

Schneider acknowledges that the bulk of the testimony sought from Mr. Kaye relates to events preceding December 19, 2003, and that on September 15, 2025, following the issuance of the subpoena to Mr. Kaye, the Honorable Vera M. Scanlon, United States Magistrate Judge for the Eastern District of New York, entered a protective order in the EDNY Proceeding prohibiting discovery prior to December 19, 2003 (the "9/15/2025 Protective Order"). However, Schneider has sought reconsideration of the 9/15/2025 Protective Order and his motion for reconsideration remains pending. Accordingly, Schneider respectfully submits that for the reasons set forth herein, the Court should deny Mr. Kaye's motion to quash conditioned on Judge Scanlon granting Schneider's motion for reconsideration. Should Judge Scanlon deny Schneider's motion, and should Schneider be unable to obtain relief from that denial in whole or in part, Schneider concedes that he would not then be able to proceed with a deposition of Mr. Kaye.

BACKGROUND

I.      Relevant Procedural History

In December, 2022, Spencer Schneider filed a lawsuit in the Eastern District of New York (the "EDNY Proceeding"), alleging several causes of action under the Trafficking Victims Protection Act against OSG, LLC d/b/a Odyssey Study Group, Sharon Gans Horn (through the

1

executors to her estate), Lorraine Imlay, Minerva Taylor and Gregory Koch (collectively, the "EDNY Defendants"). *Schneider v. OSG, LLC., et al.*, No. 22-CV-7686 (VMS)(DG) (E.D.N.Y.) ("*Schneider*") (Dkt. 1). For decades, the EDNY Defendants participated in a sophisticated scheme through which they knowingly caused Schneider – and many other highly-educated victims of their secret cult – to perform labor for Defendants' sole benefit and enormous profit. Using tactics traditionally employed by cults, Defendants developed and employed a purposeful scheme intended to cause Plaintiff to believe that, if he did not perform labor, he would suffer psychological, financial, reputational and other harm.

On July 19, 2025, Schneider served a subpoena on Malcolm Kaye. (Declaration of Elizabeth Geddes (Oct. 22, 2025) (submitted herewith) ("Geddes Decl.") ¶1). Following a letter from Mr. Kaye, noting that the initial subpoena had not been signed (*Schneider*, Dkt. No. 108), Schneider served a signed subpoena on Mr. Kaye's counsel (who confirmed that he would accept service). (Geddes Decl. ¶2, Ex. A). On August 4, 2025, Mr. Kaye's counsel filed a motion to quash in the EDNY proceeding (*Schneider*, Dkt. No. 111), and on August 7, 2025, Schneider opposed. (*Schneider*, Dkt. No. 113). On September 15, 2025, the Honorable Magistrate Judge Vera M. Scanlon denied Mr. Kaye's motion to quash without prejudice on the ground that it was incorrectly filed in the EDNY, as Mr. Kaye was served outside of the EDNY and the deposition was noticed to take place outside of the EDNY. Judge Scanlon further ordered that "[i]f Mr. Kaye wishes to renew his motion to quash the subpoena in the appropriate district, he must do so within 30 days of this Order so as not to delay discovery." (Geddes Decl. ¶3, Ex. B).

Also on September 15, 2025, Judge Scanlon granted a motion by the EDNY Defendants for a protective order, "limiting the scope of the discovery period from December 19, 2003, to January 10, 2013" with certain exceptions not applicable here. (Declaration of Matthew Kraus

2

(Oct. 14, 2025) (Dkt. No. 1-1) ("Kraus Decl.") ¶7, Ex. 4). Schneider thereafter sought reconsideration of Judge Scanlon's order to allow limited discovery prior to December 19, 2003. (Geddes Decl. ¶4, Ex. C). The EDNY Defendants opposed. Judge Scanlon has not yet ruled on the motion for reconsideration. (Geddes Decl. ¶5).

II.     Relevant Facts

Mr. Kaye – identified in the complaint in the EDNY Proceeding (the "Complaint") as Individual #1 – is expressly referenced in paragraphs 55 to 59 of the Complaint. (Kraus Decl. ¶4, Ex. 1 ("Compl.")). He is the individual who personally recruited Schneider into the EDNY Defendants' organization under the direct supervision of EDNY Defendant Minerva Taylor. (Compl. ¶¶ 55, 59). Notably, during the recruitment process, Schneider alleges Mr. Kaye "failed to disclose to [Schneider] that the Organization and Inner Circle that operated the School engaged in wide-scale deception and manipulation; that the Organization and Inner Circle that operated the School required Students to pay hundreds of thousands of dollars in tuition and fees; and the Organization and Inner Circle that operated the School coerced Students to provide extensive labor (almost [all] of which was for the benefit of the Organization and the Inner Circle)." (Compl. ¶ 58).

At the direction of the EDNY Defendants, Mr. Kaye also served as a "sustainer," which was the EDNY Defendants' codeword for someone who ensured that newly recruited members of the cult did not leave. Mr. Kaye was a sustainer for an individual recruited into the cult at around the same time as Schneider, and he served as a sustainer in a similar fashion as Individual #2 served as a sustainer for Schneider. (Compl. ¶¶ 63-64).

Additionally, Mr. Kaye has knowledge of OSG's operations during the time that Schneider was under its control. And when Mr. Kaye left the Organization in or about 2000, he

3

was seemingly ostracized by the Organization (as generally described in Compl. ¶¶ 39, 121), which, on information and belief, was a watershed experience for Mr. Kaye that is relevant to the claims here.

Finally, Mr. Kaye met with Schneider following Schneider's departure from the organization in 2013. In these meetings, Schneider shared portions of his experience with OSG after Mr. Kaye left the group.

## DISCUSSION

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citation and internal quotations omitted). "Therefore, [t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate that the subpoena is over-broad, duplicative, or unduly burdensome." *Silver Sands Motel Inc. v. Long Island Cap. Mgmt.*, No. 21-CV-01224 (GRB)(JMW), 2023 WL 4054526, at *5 (E.D.N.Y. June 15, 2023) (citations and internal quotations omitted).

I.  <u>Deposition Testimony</u>

As set forth above, Mr. Kaye has information that is both relevant and material to Schneider's allegations and claims. First, because he personally recruited Schneider and had direct interactions with the EDNY Defendants in doing so, he is best positioned to testify about those events and the EDNY Defendants' involvement in them. Indeed, in their Answer, with limited exceptions, the EDNY Defendants either denied those allegations or asserted that they

"lack[] knowledge or information sufficient to form a belief as to the truth" (Kraus Decl. ¶ 5, Ex. 2 ("Answer") ¶¶ 55-59, 63-64).

That the bulk of Mr. Kaye's testimony will relate to events that predate the enactment of the forced labor statute (October 28, 2000) and the civil cause of action (December 19, 2003), does not foreclose that the information from being relevant here. Indeed, courts have routinely allowed the government in criminal prosecutions to admit evidence of events predating the enactment of the Trafficking Victims Protection Act (TVPA) and other statutes. *See, e.g., United States v. Majeed*, No. 21-20060-JAR, 2024 WL 992884, at *15 (D. Kan. Mar. 6, 2024) (denying defendant's motion to exclude evidence of defendants' conduct before October 28, 2000 – the effective date of the forced labor statute); *United States v. Robbins*, No. 2:10-CR-00006, 2011 WL 43554, at *1 (W.D. Va. Jan. 6, 2011) (denying defendant's "motion to exclude evidence at trial of speech or actions alleged in the Indictment that occurred prior to the enactment of the Stolen Valor Act of 2005" – the crime with which defendant was charged – because "regardless of whether the defendant's pre-enactment conduct may be the substantive basis for conviction, evidence of such conduct may be admissible, for example under [Rule] 404(b)"). *See also Marcus v. United States*, No. 14-CV-5780 (ARR), 2015 WL 3869689, at *10 (E.D.N.Y. June 22, 2015) (observing that in a trial of a defendant criminally charged with forced labor, the Court would have allowed the government to admit "evidence of the pre-enactment conduct to present the complete story of [victim's relationship with [defendant], either as essential background evidence or as proper Rule 404(b) evidence related to the context of the post-enactment, nonconsensual conduct").

Similarly, courts have variously held that conduct that predated the enactment of 18 U.S.C. § 1595, TVPA's private right of action, and other causes of action was discoverable and

admissible in trials as to those matters. *Shukla v. Sharma*, No. 07-CV-2972 (CBA)(CLP), 2012 WL 481796, at *3 (E.D.N.Y. Feb. 14, 2012) (noting that court had allowed evidence prior to the enactment of the civil cause of action under the TVPA, and had instructed the jury that "the evidence can be considered as background and context for the alleged post-amendment conduct"); *Pisacane v. Enichem Am., Inc.*, No. 94-CV-7843 (JFK)(NRB), 1996 WL 391865, at *4 (S.D.N.Y. July 12, 1996) ("Based on [numerous Supreme Court decisions], it is clear that if Plaintiff Pisacane had attempted to show a continuing pattern of discrimination within the United States subsidiaries, Plaintiff would have been entitled to discover pre-enactment or out-dated conduct of Enichem America and Enichem Elastomers Americas, Inc., as well as Enichem Italy to the extent of its involvement with the United States subsidiaries. The cases uniformly permit the discovery of pre-enactment or out-of-date conduct for the purpose of showing a continuing pattern of discriminatory conduct."); *Intermatic Inc. v. Toeppen*, No. 96 C 1982, 1998 WL 102702, at *3 (N.D. Ill. Feb. 28, 1998) ("Excluding evidence of what transpired between [the parties] prior to the effective date of the [Federal Trademark Dilution Act of 1995] would make contextualizing the post-enactment conduct unnecessarily cumbersome for the trial court. … Thus, this Court recommends admitting evidence of Defendant's pre-enactment conduct, not for use as the basis of liability, but solely to provide context and background information.") (citing *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1349 (7th Cir. 1995) (holding that conduct prior to the passage of the Civil Rights Act of 1991 is admissible to provide context and background)).

Nor does a deposition impose an undue burden on Mr. Kaye. Notwithstanding Mr. Kaye's conclusory claim in his motion (which was not supported by his affidavit), the subpoena will not have "a profound chilling effect on [Mr. Kaye's] freedom of association guaranteed by the First

and Fourteenth Amendment" (ECF No. 2 at 5-6). Indeed, it will have no chilling effect as Kaye acknowledges he is no longer part of the organization. Finally, while Plaintiff accepts Mr. Kaye's position that his ostracization from the Organization will be difficult to rehash, that is not a basis to preclude such testimony, which is relevant to this matter. *Cf. Bamonte v. Charatan*, No. 22-CV-0795 (KMK)(JCM), 2023 WL 4201416, at *4 (S.D.N.Y. June 27, 2023) (holding that "generalized assertions" such as "testifying at [a prior] trial was 'a frightening experience,'" and alleging that the lawsuit was merely an "attempt to publicly embarrass and harass" defendants were "unpersuasive" and did not amount to an undue burden) (citing *City of Almaty, Kazakhstan v. Sater,* 19-CV-2645 (AJN) (KHP), 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) (finding "inconvenience . . . without more, is not a basis to quash a subpoena" where the "deposition will not last longer than one day (seven hours) and is no more burdensome to [the non-party witness] than to any other non-party subpoenaed to give deposition testimony"); *In re Madison Williams & Co., LLC*, No. 11-15896, 2014 WL 56070, at *5 (Bankr. S.D.N.Y. Jan. 7, 2014) (non-party witnesses failed to establish undue burden where they "offer[ed] little more than a ritual incantation that the [testimony] will impose undue burden")). As set forth in the Complaint, Plaintiff's fear of his own ostracization was among the reasons he felt compelled to perform the very labor that is the subject of his claims.

II.  Documents

Mr. Kaye also summarily challenges the subpoena's request for documents as "overly broad". Significantly, Mr. Kaye has not argued that producing the requested documents would impose an undue burden on him and does not allege as much in his affidavit. In any event, the mere lack of a time limitation does not automatically make a subpoena overbroad. Indeed, while the documents requested are not limited in time, they are limited in nature as the subpoena seeks

7

only communications "with [Defendants]" or that "concern [] Plaintiff." Mr. Kaye had no contact with Plaintiff between Mr. Kaye's departure from the organization in 2000 and Plaintiff's departure, and has had very limited contact with Plaintiff since 2013. And Mr. Kaye concedes that he has not had any contact with Defendants in over 20 years. (Kraus Decl. ¶ 8 (Kaye Aff. ¶ 4)).

## CONCLUSION

For the foregoing reasons, and subject to Schneider obtaining relief from the 9/15/2025 Protective Order, Mr. Kaye's motion to quash the subpoena for his deposition and production of documents should be denied.

Dated:   October 22, 2025
         New York, New York

Respectfully submitted,

 /s/ *Elizabeth Geddes*
Elizabeth A. Geddes (NY Reg. #4348470)
Corva Law LLP
110 West 40th Street, Suite
New York, New York 10018
(646) 974-1143
liz@corvalaw.com

Hugh Sandler (NY Reg. #4712584)
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
hsandler@krantzberman.com

Attorneys for Spencer Lee Schneider

8

CERTIFICATE OF COMPLIANCE

      Pursuant to Local Civil Rule 7.1(a)(2), I hereby certify that this Memorandum of Law in Opposition contains 2,229 words, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate. This word count was generated by the word processing software used to prepare this document.

Dated: October 22, 2025
       New York, New York

                                          /s/ Elizabeth Geddes
                                          Elizabeth A. Geddes
                                          Corva Law LLP
                                          110 West 40th Street, Suite 1003
                                          New York, New York 10018
                                          (646) 974-1143
                                          liz@corvalaw.com

                                          *Attorney for Spencer Lee Schneider*

CERTIFICATE OF SERVICE

      I hereby certify that on October 22, 2025, I caused a true and correct copy of the foregoing Memorandum of Law in Opposition to Malcolm Kaye's Motion to Quash to be served by email upon the following:

Matthew D. Kraus
Chartwell Law
One Battery Park Plaza, Suite 710
New York, NY 10004
(212) 785-0757
mkraus@chartwelllaw.com
Attorney for Malcolm Kaye

                                                     /s/ Elizabeth Geddes
                                                     Elizabeth A. Geddes
                                                     Corva Law LLP
                                                     110 West 40th Street, Suite 1003
                                                   New York, New York 10018
                                                   (646) 974-1143
                                                   liz@corvalaw.com

                                                   *Attorney for Spencer Lee Schneider*