| | |
|---|---|
| **From:** | Hugh Sandler |
| **To:** | mkraus@chartwelllaw.com |
| **Cc:** | liz@shihatageddes.com |
| **Subject:** | Schneider v OSG et al., 22-cv-7686 (EDNY) |
| **Date:** | Monday, August 4, 2025 6:22:57 PM |
| **Attachments:** | Affidavit on Kaye subpoena.pdf |
| | Kaye Subpoena - 2.pdf |

Matthew,

I write per our call today regarding the deposition of your client Malcolm Kaye. As we discussed on our call, Mr. Kaye was served with a deposition and documents subpoena on July 19 and tendered a witness fee of $82.25. The deposition is set for August 12. (The affidavit of service of the subpoena is attached.) As I mentioned on our call, Mr. Kaye's testimony is relevant for numerous reasons, particularly his recruitment of Plaintiff to join Defendant OSG as well as his interactions with Plaintiff in the years that followed.

Also, as you know, Mr. Kaye put in a letter with the Court noting that the July 19 subpoena lacked an attorney's signature and that service was made near his home, not at his home. We refer you to our August 1 letter filed with the Court to show why the July 19 subpoena is binding on Mr. Kaye. (ECF No. 109; please advise if you would like me to send you a copy of it). In that letter we noted that we would supply to Mr. Kaye, by certified mail and US Priority mail, a copy of the subpoena that includes an attorney's signature. But on our call today, you confirmed that you are authorized to accept service of the signed version of the subpoena, and you provided me your email to serve you with it.

Here attached is the signed version of the subpoena, which is identical to the July 19 subpoena (but for the attorney's signature and date of signature).

Please confirm you accept service of the attached and that you agree we need not also mail to Mr. Kaye the signed subpoena as referenced in our August 1 letter.

_____

**Hugh D. Sandler**
**Partner**
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Spencer Lee Schneider<br>*Plaintiff*<br>v.<br>OSG, LLC D/B/A Odyssey Study Group, Minerva Taylor, Lorraine Imlay (both individually and as Executors of Estate of Sharon Gans Horn) and Gregory Koch<br>*Defendants* | Civil Action No. 22-cv-7686 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Malcolm Kaye; 615 Jackson Valley Rd., Oxford, NJ 07863

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Krantz & Berman LLP, 747 Third Avenue, 32nd Floor, New York, NY 10017 | Date and Time:<br>08/12/2025 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and videographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All communications (paper, email, or other electronic form) with any named Defendant (Sharon Gans Horn, Lorraine Imlay, Minerva Taylor, or Gregory Koch); and/or all communications (paper, email or other electronic form) concerning Plaintiff (Spencer Schneider).

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/01/2025

*CLERK OF COURT*

OR  _/s/ Hugh Sandler_

_____     _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Spencer Schneider _____, who issues or requests this subpoena, are:

Hugh Sandler; 747 Third Avenue, New York, NY 10017; hsandler@krantzberman.com; (646)943-6112

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-cv-7686

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT/EASTERN DISTRICT OF NEW YORK     Attorney: SPENCER L. SCHNEIDER,ESQ - 265

| | |
|---|---|
| SPENCER LEE SCHNEIDER<br><br>                -against-<br><br>OSG, LLC ET AL | Index #: 22-CV-7686<br><br>Date Filed:<br>Court Date: August 12, 2025<br><br>**AFFIRMATION OF SERVICE**<br><br>Witness Fee Tendered: $82.25 |

Plaintiff(s) / Defendant(s)

DANIEL KNIGHT AFFIRMS AND SAYS AFFIRMANT IS NOT A PARTY TO THIS ACTION AND OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 19, 2025 at 06:27 PM at

615 JACKSON VALLEY RD
OXFORD, NJ 07863



Affirmant served the within true copy/copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL CASE on MALCOLM KAYE, the witness'/recipient therein named,

**SUITABLE AGE**    by delivering thereat a true copy/copies of each to JOHN SMITH a person of suitable age and discretion. Said premises is the witness'/recipient's dwelling house within the state. He identified himself as the HUSBAND of the witness/recipient.

Affirmant further states that the person actually served was perceived as follows:

| Gender | Race | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | WHITE | 58 | 5'9 | 190 |

BEARD

**MAILING**    Affirmant enclosed a true copy of same in a postpaid wrapper properly addressed to the witness/recipient at the witness'/recipient's last known residence at

615 JACKSON VALLEY RD
OXFORD, NJ 07863

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on July 21, 2025 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside envelope thereof, by return address or otherwise that the communication is from an attorney or concerns an action against the person to be served.

PERSON SERVED/SPOKEN TO REFUSED TO STATE TRUE FIRST AND/OR LAST NAMES

Pursuant to New York Civil Practice Law Rules 2106 - I affirm on 21 day of July, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

DANIEL KNIGHT

Gotham Process Inc.
Lic. 1251720-DCA
299 Broadway
New York NY 10007

Docket #: *1338927*

| | |
|---|---|
| **From:** | Matthew D. Kraus |
| **To:** | Hugh Sandler |
| **Cc:** | liz@shihatageddes.com |
| **Subject:** | RE: [EXTERNAL] Schneider v OSG et al., 22-cv-7686 (EDNY) |
| **Date:** | Tuesday, August 5, 2025 7:49:46 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |

Hugh:

Thanks for taking the time to speak with me yesterday. We can confirm acceptance of the signed subpoena on Mr. Kaye's behalf.



**Matthew D. Kraus, Esquire**

mkraus@chartwelllaw.com
D: (212) 785-0757  •  M: (917) 923-3012  •  F: (212) 968-2400
One Battery Park Plaza, Suite 710, New York, NY 10004

This email and any files transmitted with it are personal and confidential, and intended solely for the use of the individual or entity to whom it is addressed. They are also subject to the attorney work product and attorney-client privileges. If you received this transmission in error, please notify the sender by reply email and delete the message and any attachments. Thank you.

**From:** Hugh Sandler <hsandler@krantzberman.com>
**Sent:** Monday, August 4, 2025 6:23 PM
**To:** Matthew D. Kraus <mkraus@chartwelllaw.com>
**Cc:** liz@shihatageddes.com
**Subject:** [EXTERNAL] Schneider v OSG et al., 22-cv-7686 (EDNY)

**CAUTION**: [This is an External Email. Do not click links or open attachments unless you recognize the sender and know the content is safe].

Matthew,

I write per our call today regarding the deposition of your client Malcolm Kaye. As we discussed on our call, Mr. Kaye was served with a deposition and documents subpoena on July 19 and tendered a witness fee of $82.25. The deposition is set for August 12. (The affidavit of service of the subpoena is attached.) As I mentioned on our call, Mr. Kaye's testimony is relevant for numerous reasons, particularly his recruitment of Plaintiff to join Defendant OSG as well as his interactions with Plaintiff in the years that followed.

Also, as you know, Mr. Kaye put in a letter with the Court noting that the July 19 subpoena lacked an attorney's signature and that service was made near his home, not at his home. We refer you to our August 1 letter filed with the Court to show why the July 19 subpoena is binding on Mr. Kaye. (ECF No. 109; please advise if you would like me to send you a copy of it). In that letter we noted that we would supply to Mr. Kaye, by certified mail and US Priority mail, a copy of the subpoena that includes an attorney's signature. But on our call today, you confirmed that you are authorized to accept service of the

signed version of the subpoena, and you provided me your email to serve you with it.

Here attached is the signed version of the subpoena, which is identical to the July 19 subpoena (but for the attorney's signature and date of signature).

Please confirm you accept service of the attached and that you agree we need not also mail to Mr. Kaye the signed subpoena as referenced in our August 1 letter.

_____

**Hugh D. Sandler**
**Partner**
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com