

**MATTHEW KRAUS**
Direct Dial: (212) 785-0757
mkraus@chartwelllaw.com

Reply To: New York Office
One Battery Park Plaza, 7th Floor
New York, NY 10004
Phone: (212) 968-2300
Facsimile: (212) 968-2400

October 24, 2025

<u>**Via Electronic Filing**</u>

Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      **Re:**   <u>*In re Subpoena to Malcolm Kaye*</u>
             <u>Civil Case No.: 25-MC-00451 (DH)            </u>

Dear Judge Ho:

      This law firm represents Non-Party Malcolm Kaye. We respectfully submits this letter in further support of Kaye's motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 45 to quash the subpoena for documents and a deposition (the "Subpoena") served by Spencer Lee Schneider in the lawsuit entitled *Spencer Lee Schneider v. OSG, LLC d/b/a/ Odyssey Study Group, et al.*, which is pending in the United States District Court for the Eastern District of New York bearing Civil Action No. 22-cv-07686 (the "Action").

      Schneider has conceded that the Subpoena should be quashed based on the September 15, 2025 Protective Order issued by the Eastern District of New York (the "9/15/2025 Protective Order"). Nevertheless, he posits that this Court should "conditionally" deny Kaye's motion given that he has filed a motion for reconsideration of the 9/15/2025 Protective Order. Schneider's position is frivolous and must be rejected. First, motions for reconsiderations are rarely granted, and as demonstrated in Defendants opposition to the motion, Schneider has not established an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice that warrants reconsideration. The Defendants' Opposition to Schneider's motion for reconsideration is attached as Exhibit "A". Rather, Schneider's motion is merely an attempt at taking a second bite at the apple. Second, the 9/15/2025 Protective Order is now (and still) the law of the case. It is a binding precedent that must be followed throughout the Action and all related litigations, such as this one. *In re PCH Assoc,* 949 F.2d 585, 592 (2d Cir. 1991). And third, Schneider has not provided any legal or factual support that suggests that the mere filing of a motion for reconsideration negates the legal effect of a standing decision. Given Schneider's express recognition that the Subpoena must be quashed under the rationale of the 9/15/2025 Protective Order and that the 9/15/2025 Order is in effect, this Court must quash the Subpoena.

Honorable Dale E. Ho
October 24, 2025
Page **2** of **2**

      The Eastern District has already recognized that forcing discovery related to OSG, LLC's members has a profound chilling effect on their freedom of association guaranteed by the First and Fourteenth Amendment. The Eastern District separately denied Schneider's motion to compel production of documents related to OSG, LLC's members on constitutional grounds. *See Schneider v. OSG, LLC*, 2025 U.S. Dist. LEXIS 180647 (E.D.N.Y. September 15, 2025). The Eastern District ruled that "Defendants have made a *prima facie* showing that disclosing documents and communications relating to OSG's members other than Plaintiff would adversely affect OSG members' freedom of association" protected by the First Amendment." 2025 U.S. Dist. LEXIS 180647 at *4 (emphasis in original). The Court denied Schneider's motion to compel because he "fail[ed] to demonstrate a 'compelling need' for the information in the RFPs relating to OSG members other than Plaintiff," and found that "'[t]he risk of a chilling effect on association is enough to trigger First Amendment protections …." *Id*. (quoting *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 606-608 (2021)). Indeed, the Eastern District even noted that Schneider "has shown that he is willing to disseminate information about OSG to the public, either by speaking with the press or through the publication of his memoir or of blog posts, see ECF Nos. 92 ¶ 4, 92-4,93-1, 93-2, which has already had a negative reputational effect on OSG, see ECF No. 106-4 (filed under seal)." Schneider has not even attempted to articulate a compelling need for Kaye's testimony, let alone that such a need outweighs the chilling effect of Kaye's free association rights.

      For the foregoing reasons, Malcolm Kaye respectfully request that the Court enter an order quashing the Subpoena in its entirety.

      Very truly yours,

      **CHARTWELL LAW**

By: _____
      Matthew Kraus, Esq. (MK 0621)
      *Attorneys for Non-Party Malcolm Kaye*
      One Battery Park Plaza, Suite 710
      New York, New York 10004
      P: (212) 968-2300
      mkraus@chartwelllaw.com